IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-1621 |
| | ) | |
| v. | ) | Judge Flowers Conti |
| | ) | Magistrate Judge Caiazza |
| REDSTONE HIGHLANDS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

For the reasons that follow, the Defendant's Motion for Summary Judgment (Doc. 10) should be granted.

The Plaintiff Mary Shaw brings this gender discrimination lawsuit against her former employer, Redstone Highlands Company ("the Defendant"). *See generally* Compl. (Doc. 1). The Plaintiff was a supervisory nurse, acting under varied job titles. *See generally* Def.'s Statement of Facts (Doc. 12) at ¶¶ 1-2.[1] In March 2005, she and two other female supervisory nurses were terminated based on the Defendant's assertion they "exhibited [negative] behavior and attitudes before, during and after" a managerial meeting in February 2005 regarding the "inter-personal environment among staff members." *See* Aff. of V. Loucks (CM/ECF Doc. 10.2) at 1; *see also, e.g.*, Dep. Tr. of M. Shaw (Doc. 10.7) at 95-96 (admitting she complained on multiple

---

[1] The undesigned relies on the Defendant's statements of fact only to the extent they are uncontested. *Compare, e.g., id. with* Pl.'s Resp. to Def.'s Statement of Facts (Doc. 14) at ¶ 2 (agreeing with portion of facts relied upon herein).

occasions regarding human resources department and she was told that departing employees spoke negatively of her during exit interviews); Dep. Tr. of V. Loucks (Doc. 10.2) at 19 (Plaintiff exhibited "negative attitude and behaviors," "often yell[ing] at rather than talk[ing] to" subordinates).  After Ms. Shaw's employment was terminated, her responsibilities were assumed by another female employee.  Def.'s Statement of Facts at ¶ 8.

The Plaintiff has not stated a *prima facie* case of gender discrimination.  The final element requires her to show she was "fired . . . under circumstances . . . giv[ing] rise to an inference of unlawful discrimination."  Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 357 (3d Cir. 1999) (citation and internal quotations omitted).  This requirement serves as a screening mechanism to "eliminate the most obvious, lawful reasons" for adverse employment action, "[*e.g.*], the position was . . . not filled for economic reasons, the applicant was not qualified, no adverse action such as failure to hire or fir[e] was actually taken," *et cetera.  Id.* (citations omitted). Absent the *prima facie* showing, there exists no justification for adopting the *McDonnell Douglas* "presumption that the employer unlawfully discriminated against the employee."  Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981).

Here, the Plaintiff has failed to identify facts warranting such a presumption.  After her termination, Ms. Shaw's duties

-2-

were assumed by a person within the same protected class. *See* Pl.'s Resp. to Def.'s Statement of Facts at ¶ 8 (admitting same). The Plaintiff has failed to identify any non-protected employee who was treated more favorably. In sum, there are no circumstances from which a reasonable inference of discrimination may be derived.[2]

Even if Ms. Shaw could state a *prima facie* case, she has failed to rebut the Defendant's non-discriminatory reason for the adverse employment action. The Defendant has presented evidence that the Plaintiff and two of her co-workers were terminated because they exhibited negative work attitudes and behaviors. *See* discussion *supra*. Counsel offers two "pretext" theories, neither of which are sufficient to avoid summary judgment.

The Plaintiff first highlights that the Defendant "never officially documented any disciplinary action against" her. *See* Pl.'s Opp'n Br. at 3. Whether true or not, this assertion fails to refute the Defendant's affirmative evidence of Ms. Shaw's inability to appropriately manage her work relationships and conduct. *See, e.g.,* discussion *supra* (noting evidence of

---

[2] Although Ms. Shaw returned from three-month maternity leave in the year before her termination, she has not stated a claim for pregnancy discrimination. *See* Compl. at Count I (alleging "Gender Discrimination," and omitting any reference to pregnancy). The Plaintiff has not sought leave to amend and, even if she had, her claims would fail for her inability to refute the Defendant's legitimate, non-discriminatory reason for her termination. *See* discussion *supra* in text.

subordinate complaints).

The Plaintiff's second theory is as follows.  During her three-month maternity leave, "an annual state survey [was] done at Redstone."  Pl.'s Opp'n Br. at 3.  In light of Ms. Shaw's absence, she was unavailable to answer questions regarding matters within her specialized knowledge, and an unfavorable survey report resulted.  *Id.*  The Plaintiff was terminated, then, in retaliation for the bad report.  *Id.*

The problem with this theory is that there exists no evidence to back it up.  Bald assertions notwithstanding, counsel has failed to identify documents or testimony showing that the state survey had anything to do with Ms. Shaw's termination.  *See generally* Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) ("[t]o survive summary judgment, a party must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (citation and internal quotations omitted).[3]

---

[3] Aside from the lack of evidentiary support, the Plaintiff's theory seems particularly less plausible given the circumstances surrounding her termination.  For example, the "bad report" theory fails to explain why two of Ms. Shaw's co-workers were terminated at the same time based on similar complaints of negative attitude.  Nor does it account for Ms. Shaw's request to be demoted to a position involving less managerial responsibilities just one day after the February 2005 meeting to address the "inter-personal environment among staff members."  *See* Pl.'s Resp. to Def.'s Statement of Facts at ¶¶ 4-6 (admitting same).  Although the District Court need not rely on these facts to grant summary judgment, they do bolster the Defendant's otherwise reasonable explanation for the adverse employment decision.

For all of these reasons, the Plaintiff cannot state a viable claim of gender discrimination,[4] and the Defendant's Motion should be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by October 30, 2006. Responses to objections are due by November 9, 2006.

October 12, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Christopher P. Skatell, Esq.
David T. Cofer, Esq.
Timothy G. Hewitt, Esq.

---

[4] Ms. Shaw's alternative claims of "retaliation" and "other discrimination" may be quickly disposed of. See Compl. at Counts II-III. The Plaintiff did not engage in protected activity before her termination, so any references to "retaliation" simply restate her underlying gender discrimination claim. See discussion supra in text (addressing "poor survey results" retaliation under gender discrimination analysis). As for the "other discrimination" alleged in Count III, the Plaintiff has failed to identify any additional source of law under which relief may be granted.